**BLACKMAR v. UNITED STATES.**
No. 170–52.

United States Court of Claims.
April 6, 1954.

Rene R. Nicaud, New Orleans, La., for plaintiff. Hugh H. Brister, New Orleans, La., was on the briefs.

Laurence H. Axman, New York City, with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

JONES, Chief Judge.

This case comes before us on cross motions for summary judgment.

Plaintiff sues for some $16,500, which is said to represent salary due him by virtue of his alleged wrongful separation from the service of the Veterans' Administration as Authorization Officer, P-4, at a salary of $5,152.80 per annum, in violation of section 14 of the Veterans' Preference Act.[1]

For the purpose of these motions the facts may be summarized as follows:

Plaintiff is an honorably discharged veteran entitled to the benefits of section 14 of the Veterans' Preference Act. He became an employee of the Veterans' Administration Regional Office No. 3021, New Orleans, Louisiana, on February 14, 1944, as an Adjudicator, Civil Service Classification P & S 2. He was later promoted to Authorization Officer, P-4, which position he held at the time of the events giving rise to this litigation. All Civil Service efficiency ratings received by plaintiff were "good" or better and the last received (as of March 31, 1946) was "very good."

On January 2, 1947, plaintiff received from the manager of the Veterans' Administration Regional Office a letter which set out three charges against plaintiff and suspended him from duty and pay as of the close of business on that date, such suspension to extend to the close of business January 14, 1947, "pending action on the * * * charges." These charges were under the headings: (1) Inefficiency; (2) Being a disturbing element among your fellow employees since March of 1946; (3)

---

1. 58 Stat. 390, 5 U.S.C.A. § 863.

Making false, malicious and unjustifiable statements of an extremely serious nature against your official supervisors and associates and asserting the said statements and/or charges as facts. This letter concluded:

"* * * You are further notified at this time that should you fail to sufficiently reply to the above charges and it be necessary that an adverse decision be rendered you, this notice will constitute in part the 30 days' notice required under Section 14 of the Veterans' Preference Act before your removal may be effected, it having been administratively determined that the following conditions would be met and you will not be permitted to remain in an active duty status during the notice required, but in lieu thereof, you will be placed on annual leave and/or leave without pay if you do not have sufficient annual leave to cover the remainder of the 30 days: (1) the circumstances are such that your retention in an active duty status would be detrimental to the interest of the government and (2) that you cannot during the 30-day period be temporarily assigned to duty in which the condition in (1) would not exist."

Plaintiff filed an answer to these charges on January 9, 1947, which included *inter alia* a protest concerning the lack of specificity in the charges, and upon being advised that this answer was inadequate, obtained an extension of time and filed a supplemental answer on February 7, 1947. By letter dated February 14, 1947, the manager of the New Orleans regional office of the Veterans' Administration advised plaintiff that he would be separated from the service as of March 2, 1947. Plaintiff filed an appeal with the Tenth Civil Service Regional Office on February 21, 1947, and following hearings before an examiner, held subsequent to plaintiff's separation on March 2, 1947, that office advised both plaintiff and the Veterans' Administration on May 5, 1947, of its conclusion

that plaintiff's separation was unwarranted and recommended his reinstatement to his former position. Attached to this communication was a copy of the analysis of the evidence, conclusions by the examiner, and the findings and recommendations of the Civil Service regional office. This document discloses that the regional examiner excluded from consideration major portions of charges I and II against plaintiff on the ground that they were not sufficiently specific. It was after this exclusion that the regional office of the Commission found that the discharge was not warranted. By letter of May 6, 1947, the manager of the New Orleans Veterans' Administration office advised the Tenth Civil Service Region that his office would recommend an appeal to the Board of Appeals and Review of the Civil Service Commission, but that final action on this would have to come from the Veterans' Administration branch office in Dallas, Texas. The latter office wired the Civil Service Commission, Washington, D. C., on May 12, 1947, that the Veterans' Administration desired to appeal the decision of the Director of the Tenth Civil Service Region. This was confirmed by letter of May 13, 1947. Plaintiff's counsel protested to the Commission the granting of the appeal of the Veterans' Administration, but a hearing was held on June 11, 1947, before the Board of Appeals and Review of the United States Civil Service Commission. Plaintiff was present in person at this hearing and was represented by counsel. Plaintiff subsequently received a copy of a letter dated August 15, 1947, from Mr. J. F. Edwards, chairman, Board of Appeals and Review, to the regional manager of the Veterans' Administration, which stated in pertinent part as follows:

"The decision of the Commission's Tenth Region was based upon the considerations set forth in its memorandum of May 5, 1947, a copy of which was furnished your office.

"The Civil Service Commissioners, after a careful consideration of all the facts and circumstances in

Mr. Blackmar's case, including representations made by representatives of the Veterans Administration and by Mr. Blackmar and his attorney at a hearing before the Commission's Board of Appeals and Review on June 11, 1947, have found that the charges against Mr. Blackmar are sustained by a preponderance of the evidence and that Mr. Blackmar's discharge was for such cause as will promote the efficiency of the service.

"The Commissioners, therefore, have approved recommendation that the decision of the Tenth Region be reversed and the recommendation that Mr. Blackmar be restored to the position from which he was removed is hereby withdrawn.

"By direction of the Commission:"

Upon receipt of this notice plaintiff's counsel wrote Mr. Mitchell, chairman of the Civil Service Commission, protesting the summary nature of the notice of action taken and pointing out that:

"Comprehensive and detailed analysis and reasons were furnished each of the parties in support of the decision of the Regional Board recommending [plaintiff's] reinstatement. Contrasted with the detailed report which the veteran's Administration had before it to prepare its appeal to the Board of Appeals and Review, the [plaintiff] now is furnished simply with a copy of a letter in which the comprehensive decision of the Regional Board is swept aside with the general statement, ' * * * that the charges against [plaintiff] are sustained by a preponderance of the evidence * * *.'

" * * * fairness would seem to dictate that the [plaintiff] should be furnished with as complete a report and analysis by the Board of Appeals and Review as was furnished the Agency in the adverse decision rendered it by the Regional Board,

so that he, too, can be adequately informed and properly prepare such further steps as it may be deemed advisable for him to take."

This letter also requested a hearing before the Commission itself. By letter of September 2, 1947, plaintiff's counsel was advised by Mr. Mitchell that such further hearing would be granted on a date to be determined later. Plaintiff was further advised that it was not the practice of the Commission to issue formal opinions or formal detailed statements of reasons for their decisions in such cases and, therefore, plaintiff was not given a formal opinion in his case. Plaintiff again requested further information as to the basis of the Board's decision in order that preparation might be made for the hearing before the commissioners. This request was denied in a letter from Mr. Mitchell dated October 7, 1947, which stated *inter alia:*

"As you were advised in my letter of September 2, the Civil Service Commissioners ordinarily do not issue formal opinions in cases of this nature. The decision in Mr. Blackmar's case was not based upon technicalities or questions of procedure but was based upon the merits of the case. There were three specific charges against Mr. Blackmar and the Commissioners found that each of these charges was sustained by a preponderance of the evidence and that the offences charged were of such gravity as to warrant his dismissal from the service.

"With respect to your request that you be furnished a copy of the transcript of the hearing before the Board of Appeals and Review and a copy of the findings and recommendations of the Board of Appeals and Review and the approval thereof, * * * you are advised that the Commission does not furnish either party to the appeal with a copy of the transcript of the evidence or with copies of the Board's findings and recommendations. The record in this case, however, *with the ex-*

*ception of the findings and recommendations* of the Board of Appeals and Review and the approval thereof will be made available for your examination at the Office of the Tenth U. S. Civil Service Region, * * *." [Italics supplied.]

Plaintiff's appeal was submitted to the Commission on December 9, 1947, on plaintiff's brief. On February 11, 1948, plaintiff received a letter from William C. Hull, executive assistant to Civil Service Commission, advising him that:

" * * * The decision of the Commission under date of August 15, 1947 reversing the findings of the Tenth Civil Service Region and approving the action of the Veterans Administration in removing Mr. Blackmar has been affirmed.

"By direction of ,the Commission:"

Plaintiff subsequently filed suit in the District Court for the Eastern District of Louisiana against L. F. Guerre, the regional manager of the agency, who had first discharged him. In the course of this proceeding, which eventually went to the United States Supreme Court on a question of venue and jurisdiction,[2] the government placed the administrative record of the Civil Service Commission in evidence. It was at this point that plaintiff learned for the first time that the findings and recommendations of two of the three members of the Board of Appeals and Review had been in plaintiff's favor affirming the regional examiner's finding, but the Commission had accepted the adverse recommendation of the dissenting member of the Board.

Petition was filed in this court on April 14, 1952. It is contended by plaintiff that regulations of the Civil Service Commission providing for appeal by' the agency are invalid; that the agency's appeal was not timely; that both agency and Commission officials acted arbitrarily and capriciously; that the charges against him by the agency were not in compliance with section 14 of the Veterans' Preference Act; that he was entitled to more comprehensive findings by the Commission in support of its reversal of its regional office; and that the recommendations in his favor by a majority of the Board of Appeals and Review entitled him to a favorable decision at that point in the adjudication.

■■ The contention that Civil Service regulations providing for appeal by the agency are violative of the Veterans' Preference Act and therefore void, is without merit. Under section 19 of the Act, the Commission is authorized and required to make and enforce appropriate rules and regulations to carry into full effect the provisions, intent, and purpose of the Act. The regulations promulgated by the Commission provided for appeal by the veteran as well as the agency involved. The applicable rule is well stated in United States ex rel. Knauff v. Watkins, 2 Cir., 173 F.2d 599, 603:

"Regulations having been duly adopted, the burden is on one who questions them to show their invalidity. Montana Eastern Limited v. United States, 9 Cir., 95 F.2d 897. And this burden can be carried only by showing as a minimum that the regulations are inconsistent with the underlying statute or are unreasonable or inappropriate. United States v. Morehead, 243 U.S. 607, 37 S.Ct. 458, 61 L.Ed. 926; Boske v. Comingore, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846."

Plaintiff has not shown such inconsistence or unreasonableness in the case here presented.

Similarly, plaintiff's argument that the agency appeal was not timely filed does not warrant extensive consideration here. As will be noted from the facts recited, supra, the regional office of the agency notified the regional office of the Commission of its intention to appeal on the same day that the recommendation for reinstatement was received. Also,

2. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534.

the Commission was similarly notified within seven days from the decision by the regional office. The appeal was accepted by the Commission.

█ It is well established that our jurisdiction in cases of this kind is limited to an inquiry as to whether procedural requirements have been met, unless there is some showing of arbitrary and capricious action by administrative officials in discharging the veteran. Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; Love v. United States, 98 F.Supp. 770, 119 Ct.Cl. 486; Wittner v. United States, 76 F.Supp. 110, 110 Ct.Cl. 231; Gadsden v. United States, 78 F.Supp. 126, 111 Ct.Cl. 487.

Plaintiff's allegations that both agency and Commission officials acted arbitrarily and capriciously presents issues of fact, the resolution of which would be improper on motions for summary judgment. However, inasmuch as stipulations by the parties warrant disposition of the case on procedural grounds, reference to a commissioner of this court to resolve these factual questions is unnecessary.

The procedure which must be followed in discharging a veteran's preference eligible is set forth in section 14 of the Veterans' Preference Act of 1944. This statute provides in pertinent part as follows:

"No * * * preference eligible * * * shall be discharged, suspended for more than thirty days, furloughed without pay, * * * except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person whose discharge, suspension for more than thirty days, [etc.] * * * is sought shall have at least thirty days' advance written notice (except where there is reasonable cause to believe the employee to be guilty of a crime for which a sentence of imprisonment can be imposed), *stating any and all reasons, specifically and in detail,* for any such proposed action; such prefer-

ence eligible shall * * * have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer so acting, * * *. *Provided,* That such preference eligible shall have the right to make a personal appearance * * *; after investigation and consideration of the evidence submitted, the *Civil Service Commission shall submit its findings and recommendations to the proper administrative officer and shall send copies of the same to the appellant * * *.*" [Italics supplied.]

█ In considering plaintiff's contention that some of the charges against him were invalid, we are cognizant of the fact that the requirement in this section that reasons for a separation be given specifically and in detail is designed to afford the person charged a fair chance to defend himself. It is this consideration which must be controlling and not necessarily the standards of a criminal indictment. Engelhardt v. United States, 125 Ct.Cl. 603; see Bailey v. Richardson, 86 U.S.App.D.C. 248, 182 F.2d 46. What might constitute full information in one case might be irrelevant to the circumstances of other cases. See Deak v. Pace, 88 U.S.App.D.C. 50, 185 F.2d 997. The charges received by plaintiff on January 2, 1947, which were the basis of his discharge and subsequent administrative adjudication, are in some respects defective. Under the heading of "Inefficiency" the first charge sets out that plaintiff's performance of authorization actions was so incompetent and inefficient as to require his assignment to the most minor duties in order to protect the interest of the government. Following the statement "The following specific cases are cited in which a number of erroneous actions have been authorized * * *," six cases are listed in which various errors were said to have been found. The charge then concludes, *"Other awards approved by you consist of numerous errors as to dates, erroneous procedure, wrong names and erroneous payments."* [Italics supplied.]

■ The regional examiner excluded evidence as to the italicized portion of the charge on the ground that it did not meet the "specifically and in detail" requirement of section 14 of the statute. Representatives of the Veterans' Administration took the position, both before the regional examiner and the Board of Appeals and Review, that the specific cases enumerated were merely by way of examples and their case against plaintiff really turned on errors other than those specifically enumerated in the charge. We think that the italicized portion of the charge, supra, is insufficient under the statute, and the regional examiner was correct in so holding. It appears that plaintiff handled hundreds of veterans' claims cases during the period specified in the charge. The statement that "other awards * * * consist of numerous errors" does not, under the circumstances, afford reasonable notice to plaintiff as to what he must refute. A circumstance of importance here is that many of the errors later alleged at the hearings were on details such as wrong dates, misspelled names, etc. There would seem to be no great difficulty in specifying such alleged derelictions and such detailed information was doubtless in the agency's possession at the time, since it now urges that its awareness of these facts prompted the dismissal action. We are impelled to the conclusion that if plaintiff's dismissal was based on this general charge the statute was violated. This question will be dealt with later in considering the administrative action in this case.

■ The regional examiner also excluded the following portion of charge 2:

"Since March 1946, * * * you have repeatedly circumvented instructions of your official supervisors on matters of procedure and frequently attempted to create confusion among your fellow workers by taking issue with instructions issued by your immediate official supervisors. You have contributed to the disruption of good morale by being disloyal to your official supervisors thereby casting doubt on their ability, integrity and competency."

It will be noted that no instances are cited, no dates (not even approximate ones) given, no instructions named which were circumvented, and disloyalty is alleged only in a rather general way. It would be difficult for the veteran to join issue with the agency on such a charge, unless he was prepared to prove several very broad negatives. We hold that this portion of the charge did not comply with the requirements of section 14.

Consideration of the third charge is unnecessary since compliance with procedural requirements of the statute has not been raised with regard to it and we are not here concerned with proof on the merits.

The question as to whether the above errors in the charges make plaintiff's dismissal procedurally defective under the statute is not unrelated to plaintiff's contention that he was entitled to findings by the Board of Appeals and Review more comprehensive in scope than the letter of August 15, 1947, supra. This communication, which appears to be something of a form letter, merely states that the Commissioners

"* * * have found that *the charges against Mr. Blackmar* are sustained by a preponderance of the evidence and that Mr. Blackmar's discharge was for such cause as will promote the efficiency of the service.

"* * * [They] therefore, have *approved recommendation that the decision of the Tenth Region be reversed* and the recommendation that Mr. Blackmar be restored * * * is hereby withdrawn. [Italics supplied.]"

The question raised by the general nature of this notice is whether it is based in part on portions of the charges which did not meet statutory requirements of specificity. It is here that plaintiff's contention of entitlement to more specific findings is quite relevant.

In answer to the contention that the statutory provision that " * * * the Civil Service Commission shall submit its findings and recommendations to the proper administrative officer and shall send copies of the same to appellant * * * " entitled plaintiff to a more comprehensive statement of the Commission's decision, the government urges that while plaintiff is entitled to findings, his receipt of the regional findings fulfills the statutory requirement. In support of this argument we are cited to the Commission's regulations [3] which require analysis of the evidence, conclusions, and recommendations at the regional level, but merely a *"decision"* from the Commission itself. We agree that where the decision of the regional office is merely *affirmed* on appeal additional findings are unnecessary. In such a situation the plaintiff has been furnished the "findings and recommendations" on which the disposition of his case was based, as contemplated by the Act. However, the construction of the statute urged by defendant is much too narrow where there is a *reversal* on appeal. If the statute contemplates the detailed findings which the regulations require of the regional office of the Commission, which in many cases is the only action of the Commission involved, it seems reasonable to conclude that a later administrative adjudication *reversing* the Region must at the very minimum be sufficiently comprehensive to permit a determination as to compliance with the procedural requirements of the Veterans' Preference Act.[4] To hold otherwise would render the requirement for findings meaningless. Such a determination cannot be made with any degree of certainty in the instant case, even though we have the unusual advantage here of the entire administrative record before us. The findings and recommendations of the dissenting member of the Board of Appeals and Review, on which the decision of the Commission was based, indicates strongly that the writer was inclined to the view that all the charges were set out in sufficient detail. While some of them were, certainly some of them were not set out "specifically and in detail" as required by the statute. The letter of August 15, 1947, from the chairman of the Board of Appeals and Review, states merely that the "Commissioners * * * have found that *the charges against Mr. Blackmar are sustained * * *.*" [Italics supplied.] Some portions of the charges against Mr. Blackmar were defective. Where defective charges were explicitly excluded by the administrative adjudicators in their consideration of the merits, we have declined to intervene. Engelhardt v. United States, supra. However, in the absence of a clear statement from the Commission as to which charges formed the basis of its determination on the merits, we can only rely on the record before us. Our conclusion from that record, which includes the dissenting opinion of the Board of Appeals and Review, is that plaintiff's discharge was based, in part, on charges which did not meet the statutory requirements of specificity. If it is argued that the administrative record is susceptible to an interpretation other than that which we have given, the answer is that all doubt could have been avoided by a more comprehensive decision by the Commission.

Plaintiff has also questioned the function and operation of the Board of Appeals and Review, contending that inasmuch as two of the three members of that body found in his favor, he was entitled to a decision to that effect at that level of the adjudications. While defendant urges that the Board of Appeals and Review is merely advisory to the Commission, the exact status and authority of that body remains somewhat obscure. Defendant cites Commission regulations in support of its contention,

3. See 5 CFR 22.10(a), 22.11(d), (1947 Supp.).

4. See Mulligan v. Andrews, D.C.Cir., 211 F.2d 28. While a different statute was involved there, the court's rationale that the adverse decision should be related to specified charges is also pertinent here.

but an affidavit from a member of the Board, attached to the government's motion for summary judgment, states that according to the Commission's unpublished *"instructions,"* "* * * *all cases in which the Board had not arrived at a unanimous decision* [were] referred to the Commission with recommendations * * *." The inference is apparent that where the Board *was* unanimous, its action would not be reviewed by the Commission on its own motion. However, in view of our conclusion, supra, that the discharge was procedurally defective, we need not resolve this issue here.

We conclude that plaintiff's discharge was based, in part, on charges which were not set out "specifically and in detail" as required by section 14 of the Veterans' Preference Act. Moreover, it was accomplished by procedures in the appellate stage which made it impossible for plaintiff to conduct his defense of the agency's appeal on the basis of charges specifically stated. The requirements of the statute for an appeal to the Civil Service Commission cannot be satisfied by observance of specificity at the regional level and abandonment of it after the appeal reaches the Commission.

It should be emphasized that we express no opinion on the merits of plaintiff's dismissal. If the merits of the case warrant discharge, an administrative determination to that effect, made in compliance with the statutory procedure, is all that is required to accomplish it.

Plaintiff is entitled to recover the amount which he would have received as salary had he not been separated, less any amounts earned by him during the interim. Stringer v. United States, 90 F.Supp. 375, 117 Ct.Cl. 30; Wittner v. United States, supra. Entry of judgment will be suspended pending an exact determination of the amount due, either by stipulation of the parties or, if such stipulation is not forthcoming, by a commissioner of this court.

It is so ordered.

MADDEN, WHITAKER and LITTLETON, JJ., concur.