**Carmen J. BARATTA, Appellant,**

v.

**Charles E. WILSON, Secretary of National Defense, et al., Appellees.**

**No. 13440.**

United States Court of Appeals District of Columbia Circuit.

Argued March 20, 1957.

Decided April 5, 1957.

ton, D. C., was on the brief, for appellant.

Mr. Milton Eisenberg, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll, Asst. U. S. Atty., and Edward O. Fennell, Asst. U. S. Atty., at the time brief was filed, were on the brief, for appellees.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

Appellant, a veterans preference eligible who was a classified civil service employee at the Philadelphia Naval Shipyard, was removed from his position there for "inflicting bodily injury to another employee" during an altercation at the Shipyard. The Commander of the Shipyard who removed him gave appellant written notice of the charge. Written answer was filed, a hearing was held as requested by appellant, and thereafter he was advised in writing of the decision to remove him. Formal notification of personnel action followed. He appealed to the Director of the Third United States Civil Service Region, who, as requested by appellant, also held a hearing. The Regional Director's decision sustained the appeal and recommended that appellant be restored to his position, accompanied by written advice that "either party" within seven days could appeal to the Commissioners, United States Civil Service Commission. The Shipyard, by the Acting Commander, did so. The Commission, through its Board of Appeals and Review, rescinded the recommendation of the regional office and affirmed the personnel action of the Shipyard "effecting the discharge." This ended the administrative proceedings.

Appellant then sued in the District Court for a declaratory judgment determining his rights, for restoration to the position from which he had been removed, and for kindred relief. On motion of the appellees, defendants,[1] the

Mr. John A. Ryan, Washington, D. C., with whom Mr. Harry Levin, Washing-

1. The defendants were the Secretary of National Defense, the Secretary of the Navy, and the Chairman and Members of the Civil Service Commission, all sued in their names with designation of their official positions.

District Court granted summary judgment in their favor.

■ On the appeal from this judgment the principal contention of appellant is that the action of the Regional Director in his favor was final, in that section 14 of the Veterans Preference Act of 1944, 58 Stat. 390, as amended, 5 U.S.C. § 863 (1952), 5 U.S.C.A. § 863, affiords only to the employee a right of appeal to the Commission. He relies upon the provision of section 14 that the preference eligible "shall have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer," and the absence of any grant to the latter of a right to appeal. But the Civil Service Commission under the authority of section 11 of the Act has promulgated appeal regulations, 5 C.F.R. §§ 22.303(b), 22.403, 22.405, 22.501 (Supp.1955), which, in permitting an appeal to the appropriate Regional Director by the employee, as here occurred, provide that in such case "either party" may appeal from the regional action to the Commission's Board of Appeals and Review. We agree with the United States Court of Claims in holding that these regulations are valid. Blackmar v. United States, 120 F.Supp. 408, 412, 128 Ct.Cl. 693. We find in them no inconsistency with the appeal provision of section 14 relied upon by appellant. The regulations in question relate to appeals within the over-all organization of the Commission itself, and not to an appeal to the Commission as an entity. An appeal of the latter character is available only to the employee adversely affected by action of the administrative officer. But once such an employee has successfully appealed to an office within the Commission the statute does not preclude the Commission from permitting the employing agency an appeal to the higher echelon of the Commission for its final decision.

No other question presented warrants written analysis.

Affirmed.