**Joseph P. CAPOLINO, Plaintiff,**

v.

**Joseph P. KELLY, Collector of Customs, Defendant.**

United States District Court
S. D. New York.
May 26, 1964.

Caponi & Perchik, New York City, for plaintiff; Simon Perchik, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, for the United States; Patricia A. Garfinkel, Asst. U. S. Atty., of counsel.

WYATT, District Judge.

This is a motion by defendant for summary judgment in his favor (Fed.R.Civ. P. 56(b)) and for an order dismissing the action for failure to state a claim upon which relief can be granted (Fed. R.Civ.P. 12(b) (6)).

The action is for a declaratory judgment that the removal by defendant of plaintiff from the Customs Service is "a nullity", that plaintiff be reinstated in the Customs Service, that judgment be entered in his favor for his "pecuniary loss", etc.

The jurisdiction of this Court seems properly invoked under 28 U.S.C. § 1361 so far as the validity of the discharge of plaintiff is concerned. This section was added to the Judicial Code in 1962 specifically to permit maintenance of such an action in district courts other than that of the District of Columbia, to which historically the action had been limited. 1962 U.S.Code Cong. and Adm. News, p. 2784 and following. Whether there is jurisdiction to entertain the action for "pecuniary loss"—the amount claimed not being given—is more doubtful. 28 U.S.C. § 1346(d); Angilly v. United States, 199 F.2d 642, 644 (2d Cir. 1952). In view of the disposition to be made, this problem need not be pursued.

Plaintiff was a truck driver in the Transportation and Motor Vehicle Section of the Administrative Division of the Bureau of Customs in New York. It is assumed that plaintiff was in the "classified civil service". 5 U.S.C. § 631a and following. The removal of plaintiff therefore was governed by 5 U.S.C. § 652.

██ Where relief is sought in this Court by a removed government employee, the Court's function is strictly limited to an inquiry (1) whether the removal violated some specific statutory provision and (2) whether the procedures for removal—in this instance 5 U.S.C. § 652—were followed. This Court may not review the merits of the removal. Levine v. Farley, 70 App.D.C. 381, 107 F.2d 186 (1939), cert. denied 308 U.S. 622, 60 S.Ct. 377, 84 L.Ed. 519 (1940). Nor can there be a "judicial review" under the Administrative Procedure Act (5 U.S.C. § 1009) because "the selection or tenure of an officer or employee of the United States" is specifically taken out of that Act. 5 U.S.C. § 1004; McEachern v. United States, 321 F.2d 31, 33 (4th Cir. 1963).

██ Under date of October 20, 1961 written notice was given to plaintiff of

"proposed adverse action" to remove him from the Customs Service for three specific reasons set forth in detail. Plaintiff was given an opportunity to reply in writing and did so under date of October 26, 1961. He was given written notice under date of May 3, 1962 that two of the charges were supported by the evidence and warranted removal. The decision of the appropriate official was that plaintiff be removed from the Customs Service effective at the close of business May 3, 1962. This decision was appealed by plaintiff to the Director of Personnel of the Treasury Department and a hearing was requested. Under date of July 19, 1962 plaintiff was advised that the decision was sustained after "very careful study and review" and that the charges were supported by "an overwhelming amount of evidence". Whether a "hearing" was granted plaintiff is not clear; there is reference to his "oral presentations".

It is apparent that the procedure laid down in 5 U.S.C. § 652 was carefully followed. There is no requirement that plaintiff be given a "hearing"; on the contrary it is provided that "No * * * hearing shall be required except in the discretion of the officer or employee directing the removal * * *". 5 U.S.C. § 652(a).

The Executive Order 10987 signed by the President on January 18, 1962 did require "one hearing" in such a removal matter as that of plaintiff but this order was effective only "as to all adverse actions commenced by issuance of a notification of proposed action on or after July 1, 1962". The notice with respect to plaintiff was issued under date of October 20, 1961 and is not affected by the later Executive Order.

The arguments made for plaintiff are essentially that his removal was unfair and unjust. This Court, however, may not exercise any judgment as to the merits of the removal. If the prescribed procedures have been observed, as they were in this case, the function of the Court is ended.

The motion of defendant for summary judgment is granted and the Clerk is directed to enter judgment in favor of defendant dismissing the action.

So ordered.