J. Stanley **BAUGHMAN**, President, Federal National Mortgage Association, et al., Appellants,

v.

A. Lincoln **GREEN**, Appellee.

No. 12717.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 8, 1955.

Decided Jan. 12, 1956.

Petition for Rehearing Denied
Feb. 1, 1956.

Mr. Paul A. Sweeney, Atty., Dept. of Justice, with whom Warren E. Burger, Asst. Atty. Gen., and Mr. Leo A. Rover, U. S. Atty., were on the brief, for appellants. Messrs. Lewis Carroll and Samuel J. L'Hommedieu, Jr., Asst. U. S. Attys., also entered appearances for appellants.

Mr. A. Lincoln Green, appellee, pro se.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

■ This case is a sequel to Green v. Baughman, 1954, 94 U.S.App.D.C. 291, 214 F.2d 878. After our decision there, Mr. Green pursued his administrative remedy before the Civil Service Commission. The Commission, after hearing testimony, finally ruled that "Charges 1(a), 1(b), 2 and 3, as set forth in the notice of proposed adverse action [the Statement of Charges] are procedurally valid and that the removal action was justified and was for such cause as will promote the efficiency of the Service within the meaning of Section 14 of the Veterans' Preference Act of 1944, as amended, on the basis of these charges." [1]

After this decision of the Commission, Mr. Green filed an action in the District Court, seeking a declaratory judgment that his dismissal was illegal, as well as an order reinstating him in his Government post. On cross-motions for summary judgment, the District Court denied the Government's motion and granted summary judgment to Mr. Green. The court held each and all of the charges made against Mr. Green to be insufficient to meet the requirement of the Veterans' Preference Act that reasons for discharge must be stated "specifically and in detail." 5 U.S.C.A. § 863.

■ With deference, we are constrained to disagree with this ruling of the court. Charges 1(a), 1(b), 2 and 3, on which the Commission relied,

appear to us to give the appellee sufficient information of the charges against him to afford him "a fair chance to defend himself. It is this consideration which must be controlling and not necessarily the standards of a criminal indictment." Blackmar v. United States, 1954, 128 Ct.Cl. 693, 703, 120 F.Supp. 408, 413. The charges here were lengthy and detailed: so lengthy, in fact, that we do not feel justified in burdening this opinion by reproducing them. The matters set forth are adequately identified as to time, place and persons. Cf. Deak v. Pace, 1950, 88 U.S.App.D.C. 50, at page 52, 185 F.2d 997, at page 999; Mulligan v. Andrews, 1954, 93 U.S.App. D.C. 375, 211 F.2d 28. Appellee's reply was also lengthy and detailed: though he complained of the vagueness of the charges, he clearly understood them and at great length endeavored to rebut them. Cf. Williams v. Cravens, supra note 1.

■ For these reasons we conclude that the District Court erred in granting appellee's motion for summary judgment, and the judgment entered must be reversed. The Government urges that the cause be remanded with instructions to grant the Government's cross-motion for summary judgment. That motion raises issues, not connected with the matter of specificity, which we think should first be considered by the District Court. The judgment entered will be reversed, and the case remanded for further proceedings not inconsistent with this opinion.

So ordered.

---

1. The Commission also determined that "Charges 4 and 5 are defective due to lack of specificity required by Section 14 of the Act and the Commission's Regulations." This determination, of course, does not of itself vitiate the Commission's decision that removal on the remaining charges was proper. Deviny v. Campbell, 90 U.S.App.D.C. 171, at page 174, 194 F.2d 876, at page 879, certiorari denied 1952, 344 U.S. 826, 73 S.Ct. 27, 97 L.Ed. 643. See also Williams v. Cravens, 93 U.S.App.D.C. 380, 381, 210 F.2d 874, 875, certiorari denied sub nom. Williams v. Robbins, 1954, 348 U.S. 819, 75 S.Ct. 30, 99 L.Ed. 646.