Joseph F. FINNEGAN, Director, Federal Mediation and Conciliation Service, L. E. Eady, Director of Administrative Management, Federal Mediation and Conciliation Service, Philip Young, Chairman, United States Civil Service Commission, et al., Appellants,

v.

John T. DALY, Appellee.

No. 13256.

United States Court of Appeals District of Columbia Circuit.

Argued March 5, 1957.

Decided June 27, 1957.

Writ of Certiorari Denied Nov. 25, 1957.
See 78 S.Ct. 150.

---

Mr. Samuel D. Slade, Atty., Dept. of Justice, with whom Asst. Atty. Gen. George Cochran Doub, Mr. Oliver Gasch, U. S. Atty., and Mr. Lionel Kestenbaum, Atty., Dept. of Justice, were on the brief, for appellants. Mr. Leo A. Rover, U. S. Atty. at the time the brief was filed, and Mr. Lewis Carroll, Asst. U. S. Atty., also entered appearances for appellants.

Mr. Rees B. Gillespie, Washington, D. C., for appellee.

Before PRETTYMAN, FAHY and BASTIAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellee Daly was a Commissioner in the Federal Mediation and Conciliation Service. He was a veterans' preference eligible. He was served with a letter of charges, which consisted of allegations of dereliction of duty, intemperance, and disregard of instructions. He responded and thereafter was given notice of an intended discharge. He appealed to the Civil Service Commission, which after hearing affirmed. He then brought the present civil action for declaratory judgment and mandatory reinstatement. The District Court held that certain evidence received by the Commission was inadmissible, and therefore it remanded the case for reconsideration without the disputed evidence. The defendants, Government officials, appealed.

The first point on the appeal concerns the admissibility of disputed evidence. Daly had been stationed in Philadelphia. A matter concerning Food Fair-A & P Stores was pending. The first of the charges against Daly was dereliction of duty and failure to service that case. It appears he was supposed to be working on the case on a certain day (April 3, 1952), and the first part of the charge was that he could not be found. One of the subparagraphs of that charge was:

"c. At 3:15 P.M. that day, you telephoned your Regional Director by telephone that you were meeting with representative Mullin of the A & P Stores."

In his later denial Daly said:

"I deny that at 3:15 p. m. on that day I telephoned the Regional Director and informed him I was meeting with Representative Mullen of the A & P Stores."

There had been a telephone call from Daly to the Regional Director at 1:30 p. m. When Daly called again at 3:15 p. m. the Director, one Holbrook, signaled his secretary to take notes on the conversation. She picked up the receiver and took notes, which she recorded in a memorandum "For the Record". The original of the memorandum was placed in the Regional Confidential File. When the case was appealed to the Civil Service Commission, that tribunal had before it several affidavits, including one from Holbrook and one from his secretary, and also had the memorandum "For the Record". The District Court held that the secretary's memorandum was illegally admitted to the record at the Commission, its use being in violation of Section 605 of the Communications Act.[1] But we do not reach that question.

The second point on this appeal is that, even though appellants be not sustained on their first point and subparagraph (c) of Charge 1 was erroneously sustained by the Commission, there remained in the charges and proof sufficient to sustain the ultimate action of the authorities in dismissing Daly. We agree. There were three charges, with four specifications in Charge 1 and two in Charge 3. The first charge was dere-

---

1. 48 Stat. 1103 (1934), 47 U.S.C.A. § 605.

liction of duty, failure to service an assigned case, and giving false information, all alleged to have occurred in Philadelphia. Specification (a) related to the morning of April 3, 1952; (b) related to a phone call made at 1:30 p. m. that day; (c) related to the disputed call at 3:15 p. m.; and (d) related to a call at 5:30 p. m. Charge 2 related to a habit of intemperance and referred to occurrences in New York City after Daly had been transferred there from Philadelphia. Charge 3, with its two specifications, related to occurrences in New York. Thus it is apparent that the disputed evidence as to the telephone call at 3:15 p. m. on April 3, 1952, bore upon only one of the four specifications in one of the three charges.

The Chief Law Officer of the Civil Service Commission, after describing all the charges, concluded: "On the weight of all the evidence as to the merits of the case, it is concluded that the charges are sustained; * * *." That decision was affirmed by the Board of Appeals and Review and by the Commissioners.

█ Charges 2 and 3, if sustained, were sufficient to support the dismissal. They were not affected by the disputed evidence, and so we do not reach the question whether that evidence was or was not properly considered. It is established that the invalidity of one charge will not vitiate a dismissal where the remaining charges are valid and sufficient.[2]

The judgment of the District Court is reversed, and the case will be remanded with instructions to the District Court to grant the defendants' motion for summary judgment.

We have before us a motion by Daly to dismiss the appeal. He says the order of the District Court was interlocutory and not appealable. But that order completely and finally disposed of the case in the District Court, and we do not see how the Government could obtain a review of the order except by an appeal from it at this time. We think the order was appealable.

Reversed and remanded.

2. Baughman v. Green, 97 U.S.App.D.C. 150, 229 F.2d 33 (D.C.Cir. 1956); Williams v. Cravens, 93 U.S.App.D.C. 380, 210 F.2d 874 (D.C.Cir. 1954), cert. denied, 348 U.S. 819, 99 L.Ed. 646, 75 S.Ct. 30 (1954); Deviny v. Campbell, 90 U.S. App.D.C. 171, 194 F.2d 876 (D.C.Cir. 1952), cert. denied, 344 U.S. 826, 97 L. Ed. 643, 73 S.Ct. 27 (1952).