**Raymond F. PAULEY, Plaintiff-Appellant,**

v.

**UNITED STATES of America et al., Defendants-Appellees.**

**No. 17449.**

United States Court of Appeals Seventh Circuit.

Dec. 11, 1969.

Rehearing Denied Jan. 6, 1970.

Willard J. Lassers, Alex Elson, Aaron S. Wolff, Elson, Lassers & Wolff, Chicago, Ill., for appellant.

Morton Hollander, Chief, Appellate Section, Robert V. Zener, Raymond D. Battocchi, U. S. Department of Justice, Washington, D. C., Thomas A. Foran, U. S. Atty., Chicago, Ill., William D. Ruckelshaus, Asst. Atty. Gen., for appellee.

Before HASTINGS, Senior Circuit Judge, KILEY and CUMMINGS, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Plaintiff Raymond F. Pauley, a discharged Government Civil Service employee, brought this action against the United States of America and others.[1] He sought reinstatement to his former position of Regional Inspector General, Chicago Region, United States Department of Agriculture (RIG), alleging his removal was arbitrary and capricious and effected without the benefit of required procedures.

The Government moved, *inter alia,* for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, Title 28, U.S.C.A., on the ground that the pleadings, together with the administrative record on file herein, showed there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. Plaintiff filed a similar motion for summary judgment, praying for the relief requested in his complaint.

In a memorandum order, the district court held: "Upon a careful review of the record we have found all procedures complied with, all of plaintiff's arguments including reduction in rank duly considered, and the evidence given including failure to accept reassignment more than enough to sustain his removal." Accord-

1. By amendment of the complaint, the United States Civil Service Commission, Chairman John W. Macy, Jr., Commissioner Robert E. Hampton and Commissioner L. J. Andolsek as Members of the United States Civil Service Commission, were added as parties defendant.

ingly, the Government's motion for summary judgment was granted and judgment was entered thereon in favor of defendants and against plaintiff. Plaintiff appealed. We affirm.

Plaintiff first entered Government service in 1941 and continued thereafter in various capacities as a career employee. In 1946, he accepted a position in the Audit Division, Production Marketing Administration of the Department of Agriculture. He was head of the Chicago office from 1951 to 1963. From July 1, 1963, to July 17, 1965, he was RIG of the Chicago Region, a midwest six-state area. In this capacity he had a rating of GS–15. He had the responsibility of supervising a staff of 120 employees and the internal audits of 26 agencies.

Acting on a variety of employee complaints, on May 12, 1965, the Department of Agriculture ordered plaintiff to report to Washington, D. C., for a temporary reassignment of indefinite duration. The purpose of the temporary reassignment was to enable the office of the Inspector General to conduct an investigation of plaintiff's work in Chicago without possible interference by plaintiff and without embarrassment to him. Plaintiff disputes staff assertions that he was advised of this purpose.

After a lengthy investigation and an evaluation of the findings by the Department of Agriculture, on October 7, 1965, plaintiff was advised by the Inspector General that the facts found were not of such nature as to conclusively substantiate the allegations or to warrant disciplinary action; that he was being cleared of the charges; and that the "case is now considered closed." He was granted retroactively a previously withheld within-grade salary increase due from July 3, 1965.

On the same day, October 7, 1965, plaintiff was notified that he would be transferred and reassigned from his RIG

position in Chicago to the newly created position of Assistant to the Assistant Inspector General, Operations, Washington, D. C. (AAIGO). This shift amounted to a transfer from a line to a staff position with the same GS–15 rating. It was a move from a regional assignment to one of national scope and responsibility. Plaintiff was told that this reassignment "was based on conclusions that he [was] unable to maintain satisfactory working relationships with his coworkers and subordinate personnel—a paramount requirement for successful and effective management of regional office operations." Further, that the new position would "capitaliz[e] on Mr. Pauley's proven technical capabilities but minimiz[e] his responsibilities for direction and supervision of employees * * * and permit [him] to retain his present grade, status, and pay." Plaintiff protested the reassignment and transfer for personal reasons.

Plaintiff was on sick leave in Chicago from October 18 to December 27, 1965. On October 24, 1965, he was permanently reassigned to Washington. On December 27, 1965, he was officially notified by letter to report to his new position on January 5, 1966.[2] On January 3, 1966, plaintiff again wrote to the Inspector General stating his personal reasons for refusing to accept such transfer and indicating his willingness to perform assigned duties in Chicago. On January 7, 1966, he was notified that he was absent without leave and that appropriate action would be taken; further, that he would be retained on a duty status for at least thirty days. On February 21, 1966, the Department of Agriculture formally notified plaintiff in writing that he was absent without leave from his new duty station; that he was charged with "Failure to Accept Transfer and Reassignment," with a statement of the specification thereof; and that it proposed to remove him from his new position.

---

2. There was a showing that by December 16, 1965, plaintiff had learned that a personnel action was being processed affecting his reassignment and of his reporting date.

On March 2, 1966, through his attorneys,[3] plaintiff requested the opportunity to reply in person and in writing to the charges. He submitted a written reply to the charges and made an oral presentation, pursuant to procedures authorized by 5 C.F.R. 752.202(b). At plaintiff's request, the Department attempted to find alternative employment in the Chicago area. Subsequently, he was offered a position there at grade GS–13. He declined the offer. On December 8, 1966, the Department notified plaintiff in writing that the charge of February 21, 1966, Failure to Accept Transfer and Reassignment, had been fully sustained and ordered that he be removed from employment effective December 16, 1966.

Plaintiff promptly appealed his removal to the Civil Service Commission, Chicago Region. A full hearing was held on February 16, 1967. The hearing examiner, following a pre-hearing conference, stated that, without regard to prior rulings, plaintiff would be permitted "to present his total case." This he proceeded to do.

Among the contentions he made were the following: (1) there was an inordinate delay between the issuance of the post-investigation transfer order and the actual severance; (2) the offer of a lower position in Chicago was unacceptable in light of his having been cleared of all charges; (3) the reassignment from Chicago to Washington, D. C., was a reduction in rank requiring institution of adverse action proceedings pursuant to Civil Service Regulations, 5 C.F.R. 752.101 et seq.,[4] and the failure to comply with those regulations invalidated the severance; (4) the reassignment was, in fact, a removal designed to force plaintiff out of his job instead of a transfer; and (5) the removal was not "for such cause as will promote the efficiency of the service" as required by 5 U.S.C.A. § 7501(a).[5]

The Chicago Region ruled against plaintiff on the merits of all such contentions, except the reduction in rank question, which it held plaintiff could not raise since he had not accepted the transfer. On appeal, the Civil Service Board of Appeals and Review held the reduction in rank issue should have been determined by the hearing examiner. It remanded for that purpose. After hearing all evidence which plaintiff offered, the hearing examiner concluded that the reassignment was not a reduction in rank and reaffirmed his earlier rulings.

On appeal, the Board of Appeals and Review affirmed. It found (1) there was a delay between the issuance of the post-investigation order and the actual severance but that such delay was not prejudicial to plaintiff; (2) the reassignment from Chicago to Washington, D. C., was not a reduction in rank; (3) the charge on which the removal action was based was substantiated by the record; (4) the removal was for such causes as would promote the efficiency of the service; and (5) all procedural requirements had been complied with.

As initially indicated herein, plaintiff's appeal to the district court resulted in summary judgment for defendants and against plaintiff and such judgment is now before us.[6]

Plaintiff raises three issues for review on this appeal: (1) whether his transfer and reassignment from the position of RIG in Chicago to that of AAIGO

---

3. Throughout this entire controversy plaintiff was represented by capable privately employed counsel of his own choice.

4. The relevant portions of this regulation are set out in the appendix to this opinion.

5. "§ 7501. Cause; procedure; exception
   (a) An individual in the competitive service may be removed or suspended without pay only for such cause as will promote the efficiency of the service."

6. Plaintiff states that he has sued in the Court of Claims, No. 142–68, for lost salary less interim earnings, the jurisdictional amount being beyond that of the district court in the instant action.

in Washington, D. C., was a "reduction in rank" within the meaning of 5 C.F.R. § 752.101, *et seq.;* (2) whether his removal was arbitrary and capricious; and (3) whether the delay between notification of charges and his resulting discharge was such as to invalidate his removal.

The parties appear to agree that the critical issue here is the reduction in rank question. Under relevant regulations, 5 C.F.R. § 752.101, *et seq.,* a reduction in rank, but not a transfer, entitles an affected employee to the adverse action procedural protections of notice of the proposed action and the reasons therefor, and an opportunity to answer either personally, or in writing, or both. A reduction in rank requires the same procedural steps as in the case of a discharge. In the instant case, such procedural steps were not followed in connection with the transfer. They were followed when plaintiff was discharged for refusal to accept the transfer.

Plaintiff urges upon us all the several issues he has raised throughout the administrative proceedings and in the district court and which have been resolved against him. This immediately brings into focus the scope of our appellate review.

■ The overwhelming weight of authority holds that judicial review of employee disciplinary actions is limited to insuring that required procedures have been substantially complied with and that the action taken was not arbitrary or capricious. Brown v. Zuckert, 7 Cir., 349 F.2d 461, 463 (1965); McTiernan v. Gronouski, 2 Cir., 337 F.2d 31, 34 (1964); Seebach v. Cullen, 9 Cir., 338 F.2d 663, 664 (1964). See Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900); Eberlein v. United States, 257 U.S. 82, 84, 42 S.Ct. 12, 66 L.Ed. 140 (1921). Cf. Kletschka v. Driver, 2 Cir., 411 F.2d 436 (1969); Norton v. Macy, D.C.Cir., 417 F.2d 1161 (1969). A majority in Charlton v. United States, 3 Cir., 412 F.2d 390, 393 (1969), however, announced a substantial evidence test which

Judge Stahl rejected in a concurring opinion.

■ Thus, the first question for our consideration is whether plaintiff was accorded all the procedural rights to which he was entitled. Both parties concede that the answer to this question turns on whether the reassignment to the AAIGO position was a reduction in rank within the meaning of the adverse action regulations. Those regulations, appearing in the appendix, may be briefly summarized here.

Among the "adverse actions" to which the regulations apply are "reduction[s] in rank" whether or not accompanied by a reduction in civil service classification and pay. Adverse actions may be taken under the regulations only "for such cause as will promote the efficiency of the service." Except in unusual situations not relevant here, the employee must be given "at least 30 full days' advance written notice stating any and all reasons, specifically and in detail, for the proposed action." The employee must be given a reasonable time in which to file both written and oral answers to the charges. The agency must "consider his answer in reaching its decision." The employee is entitled to a written, dated notice of the agency's decision given promptly after it is reached and notifying him of his right to appeal to the Civil Service Commission.

It is agreed that plaintiff was not given the benefit of these procedures before being reassigned. It is, however, plain that he was given their full protection after he refused the reassignment and was ordered removed from the service. The question thus becomes whether plaintiff was entitled to the adverse action proceeding prior to his reassignment to the AAIGO position.

Noticeably absent from the adverse action regulations is any provision determining how and by whom it is to be decided whether a given action constitutes one of the "adverse actions" to which the regulations apply. Absent such provision, we cannot say that the procedure

followed in this case violated the regulations.

Here the Department of Agriculture concluded that the reassignment was not a reduction in rank and refused to institute adverse action proceedings. Plaintiff, on the other hand, believed the reassignment was a reduction in rank and refused it. In this way he precipitated his removal from the service which is clearly an "adverse action" within the regulations. The Department then accorded him the full procedural protections of those regulations. He was able to present his reduction in rank argument as a defense to his removal and that argument was fully considered and passed upon by the Civil Service Commission. Plaintiff could have made no fuller presentation nor gained any fuller consideration of his contentions had he been accorded an adverse action proceeding before being reassigned.

Accordingly, we find and hold that required procedures were sufficiently complied with when plaintiff was given an opportunity to raise the reduction in rank issue after refusing the transfer and reassignment. Nothing in the adverse action regulations indicates that the Department erred in refusing plaintiff such an opportunity before reassigning him.[7] Having then accorded plaintiff all procedural rights to which he was entitled under the adverse action regulations and having concluded that his refusal to accept the transfer and reassignment was not justified for any of the reasons raised by plaintiff, including the alleged reduction in rank, the Department acted justifiably in removing him from the service.

██ Assuming *arguendo* that the "substantial evidence" test is applicable, our examination of the administrative record leads us to the inescapable conclusion that the finding against plaintiff on the reduction in rank issue was supported by substantial evidence.

We turn then to the question of whether plaintiff's dismissal from the Government service was "arbitrary or capricious." "Administrative action may be regarded as arbitrary and capricious only where it is not supportable on any rational basis. '[S]omething more than error is necessary to spell out arbitrary or capricious action.' * * * The fact that on the same evidence a reviewing court could have reached a decision contrary to that reached by the agency will not support a determination that the administrative action was arbitrary and capricious." N.L.R.B. v. Matthews & Co., 3 Cir., 342 F.2d 129, 131 (1965); see also United States v. Carmack, 329 U.S. 230, 243–244, 67 S.Ct. 252, 91 L.Ed. 209 (1946) and United States ex rel. Rongetti v. Neelly, 7 Cir., 207 F.2d 281, 284 (1953).

██ Far from being without any rational basis, we find the dismissal of plaintiff to be fully supported by the record. It is clear that if the reassignment was proper, the dismissal was proper. The Federal Personnel Manual, Ch. 715–9, Subch. 3–1, provides that "when any agency has found it necessary to assign an employee to a position in a different geographical or organizational location, and an employee refuses to accept the new assignment, his services may be terminated."

---

7. In his reply brief filed in this court plaintiff cites for the first time a provision from the Department of Agriculture Personnel Manual (Ch. 751—Discipline, Subch. 1, General Provisions 1–2(a) (5)) to the effect that if a reassignment is a reduction in rank "or in case of doubt," a formal statement of reasons should be given with opportunity for reply.

Aside from the question of timeliness in raising this question at this late date, from what plaintiff tells us of this provision, it does not appear that it requires the invocation of the adverse action regulation. It requires only a "statement of reasons" and an "opportunity for reply." These requirements seem to be amply met by the communications plaintiff had with his superiors in the Department of Agriculture before he was officially reassigned.

The transfer in this case was clearly proper. The Department of Agriculture after an extensive investigation of plaintiff's performance in Chicago concluded that he could not get along with the people working under him. It has been held, and it seems indisputable, that "strained personal relations" between an employee and his co-workers "would appear to provide a permissible basis for a transfer * * *." Kletschka v. Driver, 2 Cir., 411 F.2d 436, 443 (1969).

We have reviewed the record sufficiently to conclude that the Civil Service Commission could have rationally found that this was the reason for the reassignment of plaintiff. Plaintiff's resulting dismissal was not the consequence of an arbitrary or capricious action.

Finally, plaintiff asserts that the delay between the time he was notified of the charges made against him and the time he was discharged was such as to invalidate his removal. This contention was made below and rejected. We have carefully examined the administrative record and are convinced that no *unreasonable* delay occurred and the delay that existed was not prejudicial to plaintiff. This assertion of prejudicial delay is without merit.

We suggest that plaintiff's personal feeling of oppression and harassment could be expected in most individuals who, after a long and honorable career in public service, are brought to face strained relationships with those under their supervision. A resulting tranfer of position, without a reduction in rank, is difficult to accept and plaintiff elected to refuse. Suggested alternatives then were rejected. No one is happy. Here there has been no charge of disloyalty or immoral or dishonest behavior as has colored other removal proceedings. We face an unfortunate situation resulting from plaintiff's refusal to accept a transfer the Department had the discretion to make. Such refusal was full justification for the discharge.

We hold that the district court did not err in granting defendants' motion for summary judgment and in denying plaintiff's similar motion. The judgment in favor of defendants and adverse to plaintiff is affirmed.

Affirmed.

## APPENDIX

So far as herein relevant the "adverse action" regulation, 5 C.F.R. 752.101, *et seq.*, provides:

PART 752—ADVERSE ACTIONS BY AGENCIES

Subpart A—General Provisions

§ 752.101   Applicability.

This part applies to removals, suspensions, furloughs without pay, and reduction in rank or pay of employees of the Government of the United States and the government of the District of Columbia.

§ 752.102   Definitions.

\*     \*     \*     \*     \*     \*

§ 752.103   General exclusions.

\*     \*     \*     \*     \*     \*

§ 752.104   General standards.

(a) An agency may not take an adverse action against an employee covered by this part except for such cause as will promote the efficiency of the service.

\*     \*     \*     \*     \*     \*

§ 752.105   Agency records.

Each agency shall make a part of its records copies of the notice of proposed adverse action, any answer made by the employee, the notice of any agency hearing on the proposed adverse action and the report thereof, and the notice of decision.

Subpart B—Removal, Suspension for More Than 30 Days, Furlough Without Pay, and Reduction in Rank or Pay

§ 752.201   Coverage.

(a) *Employees covered.* This subpart applies to:

(1) (i) Any career, career-conditional, overseas limited, indefinite, or term employee \* \* \*.

\*     \*     \*     \*     \*     \*

(b) *Adverse actions covered.* This subpart applies to:

\* \* \* \* \* \*

(4) Reduction in rank or pay, including that taken at the election of the agency after a position classification decision by the Commission.

\* \* \* \* \* \*

§ 752.202 Procedures.

(a) *Notice of proposed adverse action.* Except as provided in paragragh (c) [not here relevant] of this section, an employee against whom adverse action is sought is entitled to at least 30 full days' advance written notice stating any and all reasons, specifically and in detail, for the proposed action.

(b) *Employee's answer.* Except as provided in paragraph (c) [not here relevant] of this section, an employee is entitled to a reasonable time for answering charges and a notice of proposed adverse action and for furnishing affidavits in support of his answers. \* \* \* If the employee answers, the agency shall consider his answer in reaching its decision. The employee is entitled to answer personally, or in writing, or both personally and in writing. The right to answer personally includes the right to answer orally in person by being given a reasonable opportunity to make any representations which the employee believes might sway the final decision on his case, but does not include the right to a trial or formal hearing with examination of witnesses. \* \* \*

\* \* \* \* \* \*

(f) *Notice of adverse decision.* The employee is entitled to notice of the agency's decision at the earliest practicable date. The agency shall deliver the notice of decision to the employee at or before the time the action will be made effective. The notice shall be in writing, be dated, inform the employee of the reasons for the action, inform the employee of his right of appeal to the appropriate office of the Commission, and inform him of the time limit within which an appeal may be submitted as provided in § 752.203 (b). The agency also shall inform the employee of any right of appeal to the agency.

§ 752.203 Appeal rights to the Commission.

(a) *Right of appeal.* An employee is entitled to appeal to the Commission from an adverse action covered by this subpart. The appeal shall be in writing and shall set forth the employee's reasons for contesting the adverse action, with such offer of proof and pertinent documents as he is able to submit.