Phillip S. WOOD, Plaintiff-Appellee,

v.

UNITED STATES POST OFFICE DE-PARTMENT et al., Defendants-Appellants.

No. 72–1644.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 1, 1972.

Decided Jan. 9, 1973.

the procedures used by the Postal Service to gather evidence and to discharge him. That court found instead that the charges were not supported by substantial evidence, and ordered that Wood be reinstated with back pay. On this appeal the Postal Service challenges both the standard of review utilized by the district court and its ultimate findings.

Phillip Wood was a foreman in the United States Post Office at Wheaton, Illinois in March, 1969 when he received a letter from postal inspectors informing him that the Post Office Department proposed to take adverse action (including possible removal from employment) against him. The letter listed four specific reasons which warranted the disciplinary action. As given in the letter, they were:

1. You are charged with the participation in the falsification of your timecard at the Wheaton, Illinois Post Office. On February 16, 1969, John Anthony Salemi clocked in for you on your timecard at 1.00 hours. You were not in the Wheaton Post Office at the specified time and date.

2. You are charged with the participation in the falsification of your timecard at the Wheaton, Illinois Post Office. On March 9, 1969, John Anthony Salemi clocked in for you on your timecard at 1.32 hours. You were not in the Wheaton Post Office at the specified date and time.

3. You are charged with the participation in the falsification of your timecard at the Wheaton, Illinois Post Office. On March 16, 1969, John Anthony Salemi clocked in for you on your timecard at 1.04 hours. You were not in the Wheaton Post Office at the specified date and time.

James R. Thompson, U. S. Atty., William T. Huyck, Asst. U. S. Atty., Chicago, Ill., Harlington Wood, Jr., Asst. Atty. Gen., Morton Hollander, William D. Appler, Attys., Dept. of Justice, Washington, D. C., for defendants-appellants.

Leonard Karlin, Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and MORGAN, District Judge.*

CASTLE, Senior Circuit Judge.

Appellee Phillip S. Wood was discharged by the United States Postal Service [1] after he allegedly participated in the falsification of postal timecards. After the charges against him were sustained by an administrative hearing and two appeals, Wood filed suit in the district court challenging the legality of

---

* Chief Judge Robert D. Morgan of the United States District Court for the Southern District of Illinois is sitting by designation.

1. On August 12, 1970 the United States Postal Service assumed the functions of the Post Office Department pursuant to P.L. 91–375, 84 Stat. 719 (August 12, 1970).

4. You are charged with the participation in the falsification of a subordinate employee's timecard at the Wheaton Post Office. On March 2, 1969 you clocked in for John Anthony Salemi, on his timecard, at 1.48 hours. John Anthony Salemi was not in the Wheaton Post Office at the specified date and time.

Before the expiration of the ten day period which Wood was given to respond to these charges, the same inspectors filed a criminal complaint against Wood and Salemi which charged them with aiding and abetting the making of false claims against the United States, conspiracy, and actually making false claims, in violation of 18 U.S.C. §§ 2, 286, and 287. Wood protested that the prosecution of both the administrative and criminal charges against him deprived him of the opportunity to respond to the administrative charges without incriminating himself and subjected him to double jeopardy, and he subsequently filed suit to enjoin the administrative proceedings. Prior to any disposition in this suit of record, the Deputy Regional Director of the Post Office Department notified Wood that he would be discharged on May 31, 1969, for the evidence against him was sufficient to justify such action. Wood appealed the Deputy Director's decision on May 23, and on June 5, 1969, the U.S. Attorney agreed that the administrative proceedings against Wood would be stayed pending the disposition of the criminal charges.

A jury found Wood guilty of all the criminal charges against him on July 14, 1969.[2] On August 6, 1969 an administrative hearing was held concerning Wood's appeal at which the Post Office Department presented its evidence against Wood to a hearing officer, and Wood and his attorney were given an opportunity to respond. After reviewing the testimony presented at the hearing, the hearing officer found that all four charges against Wood were supported by the evidence. The findings of fact which the hearing officer issued with his decision accepted Wood's denial at the hearing that he had authorized anyone to punch his timecard, for they contained the findings that Wood did not authorize nor advise anyone to punch his card. But the hearing officer apparently disbelieved Wood's assertion that he had not known about anyone falsifying his card, for the findings of fact did not incorporate this denial.

Wood appealed the decision of the hearing officer to the Assistant Postmaster General, but on October 21, 1969 this officer rejected the appeal, telling Wood that "it is inconceivable that you were unaware of the falsification" and that the charges against him were supported by substantial evidence. Wood chose to argue his final appeal to the Post Office Board of Appeals and Review, but was unsuccessful.

On January 8, 1971, Wood filed a complaint in district court which alleged various irregularities in the proceedings leading to his discharge. Not reaching the procedural objections, the court held that employee removal actions conducted by administrative agencies were subject to judicial review under the substantial evidence test and that Wood's removal was not supported by substantial evidence. Accordingly, it ordered Wood's reinstatement and the award of back pay to him.

The two issues raised by the Postal Service on this appeal are 1) whether judicial review of employee discharge actions should determine whether the

2. The Postal Service used this conviction as the basis for a second set of charges against Wood which it issued on July 16, 1969. The Regional Director found that a felony conviction was a sufficient cause for termination, and placed plaintiff on emergency suspension on July 19, 1969.

The Civil Service Commission ultimately overturned these charges because Wood had not been given the necessary 30 day notice prior to his suspension.

On October 9, 1969, Wood's criminal conviction was vacated pursuant to the provisions of 18 U.S.C. § 5021(b).

discharge was supported by substantial evidence, or whether courts should determine only whether the discharge was arbitrary and capricious, and 2) whether the evidence produced at the administrative hearing was sufficient to meet the proper test of judicial review for employee discharge cases.

■ Past decisions of this court have held that discharges of employees by administrative agencies will be overturned only if they are arbitrary or capricious, Farmer v. Blount (7th Cir.) (Slip Opinion No. 71–1867, November 22, 1972 at 3), Pauley v. United States, 419 F.2d 1061, 1065 (7th Cir. 1969), and that the substantial evidence test is an inappropriate standard of review for administrative discharge actions. Brown v. Zuckert, 349 F.2d 461, 463 (7th Cir. 1965), cert. denied, 382 U.S. 998, 86 S.Ct. 588, 15 L.Ed.2d 486 (1966). The Administrative Procedure Act requires no more.[3] Accordingly, a court will order reinstatement of a discharged government employee only if his discharge is "not supportable on any rational basis."[4] Pauley v. United States, 419 F.2d at 1066. See also, Jenkins v. Macy, 357 F.2d 62, 67–68 (8th Cir. 1966), McTiernan v. Gronouski, 337 F.2d 31, 34 (2d Cir.1964), Pelicone v. Hodges, 116 U.S.App.D.C. 32, 320 F.2d 754, 755 (1963), Eustace v. Day, 114 U.S.App.D.C. 242, 314 F.2d 247 (1962).

■ We find that the evidence presented against Wood at the administrative hearing provided a rational basis for the conclusion that he participated in the falsification of his timecard. Postal inspectors testifying to the first three charges stated without contradiction that, on three separate Sunday mornings, they observed John Salemi extract Wood's timecard from its slot in the supervisors' timecard rack and insert it into the timeclock where it was punched. At each of these times Wood was not in the post office, for the only other employee observed on the premises was Mr. Pinkert, a custodial employee. The inspectors stated that on at least two of the Sundays, Wood arrived at the post office about six hours after Salemi had punched him in, and that they observed Wood walking with Salemi outside the post office on one of these days shortly after Wood's arrival. Wood testified in response that he had not advised nor authorized anyone to punch in for him, and that he had not known about anyone punching his card. The hearing officer apparently accepted Wood's testimony that he had not ad-

---

3. The Administrative Procedure Act, 5 U.S.C. § 706(2) lists the various standards of review of administrative action. Three of these standards arguably apply to the review of the evidence upon which an administrative agency has based its decision. The "arbitrary and capricious" standard required by § 706(2)(A) applies without qualification; the "substantial evidence" standard applies only to cases subject to 5 U.S.C. §§ 556 and 557 and to agency hearings provided by statute; the "unwarranted by the facts" standard applies to cases subject to de novo trials by a reviewing court. Since the hearing given to Mr. Wood was not provided by statute, and since 5 U.S.C. § 554(a)(2) plainly exempts employee tenure decisions from the ambit of §§ 556 and 557, the Act does not require a reviewing court to apply the substantial evidence test. Nor is there any requirement for a de novo trial.

4. We doubt whether the result of this particular appeal would be different if either the substantial evidence test or the arbitrary and capricious test were used in place of the other. The evidence in the administrative record is largely undisputed; but the parties are sharply disputing the validity of the inferences the Postal Service draw about Mr. Wood's conduct from this evidence. Under the "arbitrary and capricious" standard, our review is confined to the question of whether there is a "rational basis" in the evidence for the conclusions and inferences which the Service drew. If we were to apply the substantial evidence test, we would seek to determine whether "a reasonable mind might accept [the evidence] as adequate to support a conclusion" or inferences. Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). It is questionable whether different quantities of evidence would be needed to fulfil these two standards.

vised or authorized anyone to handle his timecard, and he entered these statements as findings of fact. He did not enter Wood's statement about not knowing about the punches as a finding of fact, and the Assistant Postmaster General, in his appellate decision, declared that it was "inconceivable" that Wood was unaware of Salemi's falsification of his timecard.

The evidence introduced concerning the fourth charge indicated that postal inspectors who were watching the Wheaton Post Office from their cars saw Wood enter that building at approximately 1:20 A.M. on Sunday, March 5, 1969, but that they never saw John Salemi enter at any time. The inspectors waited until about 3:00 A.M., and then entered the building, where they found only Mr. Pinkert. An inspection of the timecards at that time revealed that someone had punched in Salemi's card only 8/100ths of an hour after Wood's card had been punched in. Although Wood's counsel underscored the fact that the inspectors had not seen his client punch Salemi's timecard, Wood did not deny falsifying the card at the hearing, nor did he attempt to attack the inferences the inspectors were trying to draw from what they had actually observed.

The administrative record shows that the Postal Service apparently concluded that Salemi punched Wood's timecard on the morning of February 16th, that Wood knew or subsequently found out about it and reciprocated by punching in Salemi's card on March 2nd, and that Salemi then punched Wood's card—with Wood's knowledge—on March 9th and 16th. We cannot say from our reading of the record that the conclusions and inferences drawn by the Postal Service are not supportable on any rational basis so that they are arbitrary and capricious and that they must therefore be overturned. There is rational evidence to support the conclusion that Wood—rather than Mr. Pinkert, the custodial employee—punched Salemi in on March 2nd in the deserted Wheaton post office. This conclusion—together with the re-

peated nature of Salemi's acts, the fact that Wood and Salemi were observed together after one of the falsification incidents, and the reluctance of the hearing officer to accept Wood's denial that he knew of the falsification—provides a rational basis for the other three charges of timecard falsification.

We acknowledge that appellee Wood also raised many procedural objections which the district court did not reach in its disposition of the case. He may still raise these issues on remand. The decision of the district court is reversed, and remanded for further proceedings.

Reversed and remanded.