**Oma Cecil LOWERY, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary of the Department of Defense, and Robert E. Hampton, Commissioner of the Civil Service Commission, Defendants.**

**No. 73–34 Civ.**

United States District Court,
E. D. Oklahoma,
Civil Division.

Dec. 13, 1973.

---

3. Complaint p. 4.

4. Affidavit in opposition p. 9.

5. 42 U.S.C. § 2000e–2(a).

6. 42 U.S.C. § 2000e–2(c).

7. 42 U.S.C. § 2000e–5(f)(1).

Warren Gotcher, McAlester, Okl., for plaintiff.

Betty R. Outhier, Asst. U. S. Atty., Muskogee, Okl., for defendants.

MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

This is a judicial review under the provisions of 5 U.S.C.A. § 701 et seq.[1] of the administrative decision of the Civil Service Commission[2] in sepa-

1. 5 U.S.C.A. § 702 provides:
"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

2. 5 U.S.C.A. § 704 delineates what agency actions are reviewable. An employee's removal from his Civil Service employment is clearly a reviewable act. Seebach v. Cullen, 338 F.2d 663 (Ninth Cir. 1964).

rating the Plaintiff from his Government employment.

■ Generally, the scope of review by the courts in reviewing an administrative action is to ascertain if the decision of the agency is arbitrary, unreasonable, capricious, or is an abuse of discretion or has not been accomplished in accordance with law.[3] Also the action must be supported by substantial evidence. Halsey v. Nitze, 390 F.2d 142 (Fourth Cir. 1968). The Plaintiff and the Defendants have each moved herein for summary judgments which motions are supported with briefs.

On March 13, 1972, Plaintiff received notice from Commander C. G. Bruch of the Naval Ammunition Depot, McAlester, Oklahoma, of a proposal to remove Plaintiff from his position as Construction Representative, GS–11, for accepting a flight on an airplane, owned by a partner of the Smith Construction Company, from McAlester, Oklahoma to Corpus Christi, Texas, and for accepting legal instruments for the sale of real estate owned by him in Corpus Christi, Texas, prepared by Franklin L. Smith, attorney for the Smith Construction Company, valued at $118.50. The evidence disclosed that the Plaintiff paid $75.00 for the plane ride to Corpus Christi, Texas, since all commercial flights were booked up. From there, Plaintiff's brother-in-law drove him to Houston, Texas, where he caught a flight to Pensacola, Florida to be at the bedside of his dying father. The evidence further disclosed that Plaintiff attempted several times to call Corpus Christi, Texas, in order to hire an attorney, but was unable to do so due to a hurricane, which had damaged the city.

Plaintiff paid Mr. Smith, an attorney, $118.50 for preparing a mortgage and a deed for the sale of his house in Corpus Christi, Texas. This attorney had been suggested by one of the partners of Smith Construction Company, but was not an employee of the company.

■■ This Court will consider Plaintiff's contentions in reverse order from the sequence in which Plaintiff has set them out. The Plaintiff's fifth contention is that the allegations of the notice or letter of proposed removal (see page 91 of appeal file) materially differ from those used to support the final decision to remove him and the decision of the Region, in that the former indicated that the Plaintiff received gratuities and the latter two did not rely on this ground. The proposed removal notice, dated March 13, 1972, considered as a whole apprised the Plaintiff of what he would have to defend against. Connelly v. Nitze, 130 U.S.App.D.C. 351, 401 F.2d 416 (1968). It is clear from reading the entire notice letter that the allegations were the appearances of improper conduct and not the facts of receiving gratuities of a plane ride from McAlester, Oklahoma to Corpus Christi, Texas and legal instruments. The charges preferred against a Federal employee are not required to meet the standards of a criminal indictment. Baughman v. Green, 97 U.S.App.D.C. 150, 229 F.2d 33 (D.C.Cir. 1956). In this case, the Plaintiff was furnished with names, dates, places and a synopsis of the alleged improper conduct.[4] It is apparent from the record that the Plaintiff clearly understood what he had to defend against and endeavored to rebut the same at great length. The notice is suf-

---

3. The scope of the review of the administrative decision is provided for in 5 U.S.C.A. § 706 as follows:

"To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

\* \* \* \* \*

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—
(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;"

4. Baughman v. Green, supra.

ficient and the decision is fairly based thereon.

■ Plaintiff's fourth contention is that the phrase in the notice and decision that Plaintiff had compromised his position to the degree that he was no longer effective in dealing with construction companies is vague. The Defendants disagree and adopt the rationale of the Civil Service Commission's Board of Appeals and Review in this case:

> The agency charged Mr. Lowery with "conduct unbecoming a government representative"; as the agency's representative at the hearing said, "with indiscretion and breach of a fiduciary position." It was these charges that the Region found appellant unable to refute because he had private dealings with a firm whose work he was in charge of reviewing. As the agency and the Region stated, it is the appearance of impropriety in such relations that more than anything else creates the cause of action. This appearance is why removal is for a cause that will promote the good of the service. If the agency were to allow one of its fiduciary agents to continue such conduct, it would lose its appearance of inviolability. It would seem to sanction such nonprofessional relations and its credibility would be damaged.
>
> In this situation appellant was in a position of public trust, and any relations that cast even the appearance of impropriety on him might damage his effectiveness in the taxpayers' eyes.

The phrase is not vague.

■ Plaintiff's third contention is that this removal action is not warranted by the facts. The Plaintiff admitted he had private dealings with a firm whose work he was in charge of reviewing. It is the appearance of impropriety in such relations that created the cause of removal. The removal action is supported by substantial evidence and is not arbitrary, unreasonable or capricious. Nor is the same an abuse of discretion.

Plaintiff also contends that the punishment is too severe. In Studemeyer v. Macy, 116 U.S.App.D.C. 120, 321 F.2d 386 (D.C.Cir. 1963), cert. denied, 375 U.S. 934, 84 S.Ct. 337, 11 L.Ed.2d 265 (1963), the Court held:

> "There may be ground for reasonable differences of opinion as to whether the cause for which the personnel action was taken was grave enough to warrant depriving appellant of his position, but the court is not warranted in substituting a different judgment of its own for that of appellant's superiors, whose action has been sustained by the Civil Service Commission and the District Court."

Similarly, the Court of Claims in Heffron v. United States, 405 F.2d 1307 at 1312 (Ct.Cl.1969) stated:

> " 'This court has many times held that the matter of penalty is within the discretion of the agency.' Liotta v. United States, 174 Ct.Cl. 91, 96 (1966)."

■■ The second contention of the Plaintiff is that the agency's action is contrary to constitutional rights, powers and privileges. As previously indicated Commander Bruch notified the Plaintiff of a proposal to remove him from his Civil Service position. On April 6, 1972 Plaintiff replied to that proposal to remove. On May 1, 1972, Commander Bruch notified Plaintiff of his decision to remove him. The Plaintiff filed a timely appeal with the United States Civil Service Commission, Dallas, Texas. The Plaintiff received a hearing on August 29, 1972. On September 25, 1972, Plaintiff received a notice of an adverse decision from the United States Civil Service Commission. Plaintiff appealed to the Board of Appeals and Reviews, United States Civil Service Commission, Washington, D. C. The Board of Appeals and Review rendered a decision affirming the decision of the Dallas regional office on January 18, 1973. Part of the test for judicial review of employee disciplinary actions is that required procedures have been substantial-

ly complied with. Pauley v. United States, 419 F.2d 1061 at 1065 (Seventh Cir. 1969). As set forth above all administrative procedures required by 5 C.F.R. § 752.101 through 5 C.F.R. § 752.203 have been complied with.[5]

None of the foregoing contentions are found to have any merit.

Plaintiff's first contention is that the agency's action, findings and conclusions are arbitrary, capricious and an abuse of discretion or otherwise not in accord-

5. "§ 752.101 Applicability.

This part applies to removals, suspensions, furloughs without pay, and reduction in rank or pay of employees of the Government of the United States and the government of the District of Columbia.
§ 752.102 Definitions.

    *     *     *     *     *

§ 752.103 General exclusions.

    *     *     *     *     *

§ 752.104 General standards.

(a) An agency may not take an adverse action against an employee covered by this part except for such cause as will promote the efficiency of the service. Among the reasons that constitute 'such cause as will promote the efficiency of the service' for this purpose are the reasons for disqualification of an applicant listed in § 731.201(b)–(g) of this title.

    *     *     *     *     *

§ 752.105 Agency records.

"Each agency shall make a part of its records, copies of the notice of proposed adverse action, the material relied on by the agency to support the reasons in that notice, any answer made by the employee, the notice of any agency hearing on the proposed adverse action and the report thereof, and the notice of decision.

Subpart B—Removal. Suspension for More Than 30 Days, Furlough Without Pay, and Reduction in Rank or Pay.
§ 752.201 Coverage.

(a) Employees covered. This subpart applies to:

(1)(i) Any career,

    *     *     *     *     *

(b) Adverse actions covered. This subpart applies to:

(1) Removal;"

    *     *     *     *     *

§ 752.202 Procedures.

"(a) Notice of proposed adverse action. (1) Except as provided in paragraph (c) of this section, an employee against whom adverse action is sought is entitled to at least 30 full days' advance written notice stating any and all reasons, specifically and in detail, for the proposed action.

(2) Subject to the provisions of subparagraph (3) of this paragraph, the material on which the notice is based and which is relied on to support the reasons in that notice, including statements of witnesses, documents, and investigative reports or extracts therefrom, shall be assembled and made available to the employee for his review. The notice shall inform the employee where he may review the material.

    *     *     *     *     *

(b) Employee's answer. Except as provided in paragraph (c) of this section, an employee is entitled to a reasonable time for answering a notice of proposed adverse action and for furnishing affidavits in support of his answer. The time to be allowed depends on the facts and circumstances of the case, and shall be sufficient to afford the employee ample opportunity to review the material relied on by the agency to support the reasons in the notice and to prepare an answer and secure affidavits. The agency shall provide the employee a reasonable amount of official time for these purposes if he is otherwise in an active duty status.

    *     *     *     *     *

(f) Notice of adverse decision. The employee is entitled to notice of the agency's decision at the earliest practicable date. The agency shall deliver the notice of decision to the employee at or before the time the action will be made effective. The notice shall be in writing, be dated, and inform the employee:

(1) Which of the reasons in the notice of proposed adverse action have been found sustained and which have been found not sustained;

(2) Of his right of appeal to the appropriate office of the Commission;

(3) Of any right of appeal to the agency under Subpart B Part 771 of this chapter, including the person with whom, or the office with which, such an appeal shall be filed;

(4) Of the time limit for appealing as provided in § 752.204;

(5) Of the restrictions on the use of appeal rights as provided in § 752.205; and

(6) Where he may obtain information on how to pursue an appeal.
§ 752.202 Right of appeal to the Commission.

An employee is entitled to appeal to the Commission from an adverse action covered by this subpart. The appeal shall be in writing and shall set forth the employee's reasons for contesting the adverse action, with such offer of proof and pertinent documents as he is able to submit."

ance with the law. In Halsey v. Nitze, *supra*, the Court said:

"Under the uniform holdings of the various United States courts we are not authorized to reverse the action of the agency and the appellate commission unless we find that their decisions were arbitrary, unreasonable, capricious, or not supported by substantial evidence."

From an examination of the record below, as earlier summarized herein, the Court finds and concludes that the agency action and its findings and conclusions are supported by substantial evidence, are not arbitrary, unreasonable, capricious nor do they constitute an abuse of discretion. Also, the action was accomplished in accordance with the law and all prescribed procedures have been followed.

The Administrative decision of the Civil Service Commission separating the Plaintiff from his Government employment should be affirmed in all respects.

Defendants are directed to prepare a judgment based on the foregoing and present the same to the Court within five (5) days from the date hereof.