Maurice M. LARRY, Plaintiff,

v.

Ray E. LAWLER, Chief, Regional Investigations Division, U. S. Civil Service Commission, Chicago Region, et al., Defendants.

No. 75 C 2904.

United States District Court, N. D. Illinois, E. D.

May 21, 1976.

Thomas P. Stillman, Mandel Legal Aid Clinic, Chicago, Ill., for plaintiff.

Martin B. Lowery, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion of the defendants for judgment on the pleadings or, in the alternative, for summary judgment and on the cross-motion of the plaintiff for summary judgment as to Count I. For the reasons hereinafter stated, the defendants' motion shall be granted and the plaintiff's cross-motion shall be denied.

The plaintiff was rated ineligible for employment in the federal service by an offi-cer of the Civil Service Commission on or about October 22, 1974. This determination was appealed and reviewed by the Federal Employee Appeals Authority. Plaintiff was advised, once again, that his application was rated ineligible pursuant to 5 C.F.R. § 731.201. Pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, a complaint was thereafter filed in this court.

The plaintiff alleges in Count I of the complaint that the aforementioned decision has damaged his reputation and standing and has rendered the plaintiff unemploya-ble within a significant sector of the job market and the community. Further, it is alleged that the failure of the defendants to advise the plaintiff of all of the evidence used against him, as well as defendants' refusal to furnish plaintiff with specific acts, conduct and sources of evidence upon which defendants relied, denied plaintiff the opportunity to adequately know and respond to this evidence.

Said failure to supply plaintiff with this information, or to provide plaintiff with an opportunity to confront those who gave statements unfavorable to him, is alleged to have been arbitrary, capricious and a denial of plaintiff's right to due process of law.

The material facts are not basically in dispute. Plaintiff applied to be placed on a register of those eligible for federal employment. A background investigation was conducted and a letter and document entitled "Information Disclosed By Investigation Into The Case Of Maurice Larry" were mailed to plaintiff on October 3, 1974. The plaintiff responded by memorandum on October 16, 1974. Defendant Lawler, Chief, Regional Investigations Division, thereafter advised the plaintiff that his application was rated ineligible at present under 5 C.F.R. § 731.201 because of unsatisfactory employment record/discharge from employment and habitual use of intoxicating beverages to excess.

An appeal was taken in which the plaintiff again requested defendants' sources of information and a hearing, but said requests were denied and the decision of Mr.

Lawler was affirmed after the plaintiff again responded with additional documentation. Defendant Walton, Chief Appeals Officer, concluded that plaintiff's conduct, performance and termination from prior positions tended to raise some question, however indeterminate, relative to incompatibility with successful performance. Further, Mr. Walton concluded that the information developed relative to plaintiff's use of intoxicants was supportive of the conclusion that plaintiff's use of intoxicants is habitually to excess.

The plaintiff asserts that he has been denied due process of law to which he was entitled because of defendants' infringement of plaintiff's interest in liberty. It is argued that the defendants' decision has stigmatized the plaintiff and has barred plaintiff from all government employment. As a result, plaintiff alleges that he was entitled to more specific information and to a hearing. In sum, the seriousness of defendants' charges and their effect are asserted to have triggered plaintiff's right to due process of law.

The defendants contend that a stigma has not been placed upon the plaintiff and that the plaintiff has not been deprived of liberty. While it is admitted that other federal agencies may be informed of this decision on a need to know basis, it is contended that there will be no general publication of the decision. It is further argued that the requirements of due process have, in the instant case, been met.

■ Initially the court must decide whether the plaintiff has a protected interest in his application under the Constitution. Due process is applicable only to the deprivation of interests encompassed by the Constitution's protection of liberty and property. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548, 556 (1972).

The parties appear to agree that the plaintiff has no property interest protected by the Due Process Clause. *McNeill v. Butz,* 480 F.2d 314, 320 (4th Cir. 1973); *Jenkins v. United States Post Office,* 475 F.2d 1256, 1257 (9th Cir.), *cert. denied,* 414

U.S. 866, 94 S.Ct. 57, 38 L.Ed.2d 86 (1973). At issue is whether the plaintiff has a liberty interest protected under the Constitution. Plaintiff relies primarily upon *Board of Regents v. Roth, supra,* in which the Supreme Court stated that a charge that might seriously damage standing in the community would entitle the plaintiff to notice and a hearing as would the imposition of a stigma or other disability which foreclosed the freedom to take advantage of other employment opportunities. 408 U.S. at 573, 92 S.Ct. at 2707, 33 L.Ed.2d at 558.

Plaintiff asserts that defendants' allegations as to the existence of serious character disorders and the ruling of ineligibility from nationwide federal employment are so inherently damaging on their face as to require due process. Further, plaintiff asserts that under these circumstances the scope of the right encompassed the opportunity to learn the identity of, to confront, and to cross-examine his accusers. *McNeill v. Butz,* 480 F.2d at 321–26.

The court is of the opinion that the precedents upon which the plaintiff relies are inapposite. The instant situation is not one in which an individual employed by the government is challenging his termination. Rather, the plaintiff here is asserting pre-employment rights and, in effect, is alleging that his liberty interest has been infringed and that procedural due process was triggered because of the defendants' rejection of his application and because of the bases of said rejection.

■ The court has very serious doubts as to whether the instant factual situation is sufficient to invoke the Due Process Clause of the Fifth Amendment. The decision of the defendants has not caused the plaintiff to lose existing government employment. Further, there has been no significant alteration in the legal status of the plaintiff. He has merely been denied the opportunity to seek competitive federal employment for a period not to exceed three years. 5 C.F.R. § 731.303. Finally, the agency decision has not, and will not, be made public.

To the extent that due process may be required, however, the court concludes that the plaintiff has been granted that to which, under the circumstances here, he is due.

■ Due process is a flexible concept calling for procedural protections as the particular situation warrants. *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972). While notice and a hearing are essential when a person's good name is at stake because of what the government is doing to him, *Wisconsin v. Constantineau,* 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515, 519 (1971), the instant case does not involve "posting" nor the significant alteration of legal status. The court concludes that the instant proceedings were constitutionally sufficient.

The plaintiff was notified of the investigatory findings and was given an opportunity to respond thereto. The response was then considered before the final decision was reached. This procedure is sufficient to satisfy the Constitution to the extent that it may require due process. A probationary employee is entitled to detailed notice and an opportunity to respond when termination is proposed. 5 C.F.R. § 315.805. Plaintiff, as a mere applicant, is not entitled to more. Accordingly, defendants' motion for summary judgment on Count I shall be granted and plaintiff's cross-motion for summary judgment on Count I shall be denied.

The defendants have also moved for summary judgment on Counts II and III of the complaint in which the plaintiff alleges that defendants' findings and conclusions were partially in excess of their authority and were totally arbitrary, capricious and unsupported by the evidence. The plaintiff has not responded as he asserts that the administrative record in this cause is "so incomplete that it is impossible to say that there are no contested issues of material fact." Plaintiff's Memorandum . . . at 16 n. 10.

■ The role of this court in this cause is clear. The court must determine whether the decision rendered is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706. In the instant situation, the agency decision need not be supported by substantial evidence but only have a rational basis. *Wroblaski v. Hampton,* 528 F.2d 852, 853 (7th Cir. 1976), citing *Wood v. United States Post Office Department,* 472 F.2d 96, 99 n. 3 (7th Cir.), *cert. denied,* 412 U.S. 939, 93 S.Ct. 2775, 37 L.Ed.2d 399 (1973).

Count II of the complaint alleges that the defendants acted in excess of their authority in finding the plaintiff ineligible under 5 C.F.R. § 731.201(a). It is asserted that, as disqualification under this regulation applies only to "dismissal from employment for delinquency or misconduct," the decision exceeded the scope of the regulation as the decision was based upon an "unsatisfactory employment record/discharge from employment." Count III of the complaint alleges that the findings and conclusions of the defendants were arbitrary, capricious and unsupported by the evidence.

The argument advanced in Count II was asserted by the plaintiff in his appeal. Chief Appeals Officer Walton concluded on this issue that plaintiff's conduct raised "some question, however indeterminate, relative to incompatibility with successful performance in a mid-level position." Appeal Decision at 3. Considering the totality of the facts developed, however, it was further concluded that a "reasonable determination with respect to the appellant's eligibility for Federal service" had been made. Appeal Decision at 4.

It is agreed that "habitual use of intoxicating beverages to excess" is a valid reason for disqualification of an applicant under 5 C.F.R. § 731.201(e). Further, the plaintiff does not dispute that proper agency procedures have been followed with regard to this issue except, of course, as discussed as to Count I, *supra.* The parties disagree as to whether the plaintiff in fact should have been disqualified on this ground.

The documents submitted indicate the plaintiff acknowledged that he had a drinking problem but he asserted that the prob-

lem no longer is "to excess" if in fact it ever was. Appeal of December 26, 1974, at 15. Investigatory matter, however, revealed that the plaintiff was in fact an excessive drinker and having considered all the material, defendant Lawler rated plaintiff's application ineligible. On appeal, defendant Walton considered plaintiff's additional documentation and concluded that as there was no additional information noted with respect to a rehabilitative effort on the part of the plaintiff, it was reasonable to expect that plaintiff's conduct would continue and would render the plaintiff un-' suitable. Appeal Decision at 4. Accordingly, the decision of Mr. Lawler was affirmed.

■ The court has reviewed the administrative record and concludes that the evidence adduced provided a rational basis for deciding that the plaintiff habitually uses intoxicating beverages to excess. The Report of Investigation indicates that both former co-employees and neighbors so stated. The decision at issue is not so arbitrary on this ground that it must be overturned.

It is thus clear that the decision, when considered in toto, was neither arbitrary, capricious nor an abuse of discretion. There was a rational basis for plaintiff's disqualification under 5 C.F.R. § 731.201 and this court cannot, therefore, overturn the final determination. Accordingly, defendants' motion for summary judgment as to Count III must be granted. Defendants' motion for summary judgment as to Count II must likewise be granted as there is no basis upon which the plaintiff can be granted the relief requested thereunder.

It is therefore ordered that defendants' motion for summary judgment shall be, and the same is hereby, granted.

It is further ordered that plaintiff's cross-motion for summary judgment as to Count I shall be, and the same is hereby, denied.